~~RECEIVED~~
Filed

2018 FEB 23 PM 12: 05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FRANCIS VELEZ, on behalf of himself )
and others similarly situated, )
 )
    Plaintiff, )
 )
v. )   Civil Action No.: 5:18-cv-94-Oc-30PRL
 )
LIFESTREAM BEHAVIORAL )
CENTER, INC., )
 )
    Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff, FRANCIS VELEZ ("PLAINTIFF"), and files this Complaint against DEFENDANT, LIFESTREAM BEHAVIORAL CENTER, INC. ("DEFENDANT"), respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, compensatory and liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation which purportedly provided inpatient and outpatient treatment, residential, education, case management, rehabilitation, and primary care services to recovering addicts.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around 2008, DEFENDANT hired PLAINTIFF to work as a recovery specialist who was responsible for working with clients who were recovering from drug addictions. His job involved him being in the field and transporting clients so they could perform tasks such as shopping for groceries as well as completing paperwork.

10. PLAINTIFF worked overtime hours for which he received no compensation. Four days per week, PLAINTIFF worked through his lunch, but had a one hour meal break deducted from his pay. In addition, PLAINTIFF received comp time instead of overtime when he exceeded 40 hours in a week. PLAINTIFF, who has dyslexia, also had to complete his paperwork after hours and off the clock. Further, PLAINTIFF and those similarly situated were required to be on call one night per week from 5:00 p.m.

10. until 8:30 a.m. and he received no additional compensation for being on call, even when he received calls and had to respond.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF and those similarly situated were not paid at an overtime rate of pay when they worked overtime.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF time and one-half for overtime hours.

14. PLAINTIFF is therefore, owed compensation for time actually worked but not paid, and overtime pay by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as

defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed overtime work for which he did not receive compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed overtime work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the overtime provision of the FLSA by failing to pay PLAINTIFF at a rate of time and one-half when he worked more than 40 hours in a week.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for all compensable hours violates the overtime provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failures to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation at a rate of time and one-half pay for their unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. DEFENDANT agreed to compensate PLAINTIFF for all of his work and further compensate PLAINTIFF by allowing him to accrue vacation time and PTO.

28. PLAINTIFF performed his work, but DEFENDANT breached its agreement by withholding compensation from PLAINTIFF, including not paying him for on call time, and not paying his accrued vacation and PTO time.

29. As a result of DEFENDANT failing to pay PLAINTIFF, he has suffered substantial damages and has been required to retain an attorney to recoup his compensation.

30. Pursuant to Florida Statute 448.08, PLAINTIFF is entitled to attorney's fees and costs of litigation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, pre- and post-judgment interest, nominal damages, and other relief by reason of DEFENDANT'S breach of employment agreement; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA-RETALIATION

31. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF engaged in protected activity by complaining to DEFENDANT that he had not been getting paid as he should in violation of the Fair Labor Standards Act.

33. In response, PLAINTIFF was terminated from his job.

34. Upon information and belief, the PLAINTIFF'S complaint was the reason for his termination or at the very least, was a motivating factor.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: February 21, 2018

Respectfully submitted,

THE LAW OFFICE OF MATTHEW BIRK

/s/ Matthew W. Birk
Matthew W. Birk
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF